IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02388-REB-KLM

MEGHAN STONE,

       Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

       Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1. The Parties in this action assert they are seeking or will seek the disclosure of information which, if produced outside of the scope of this litigation, could result in significant injury to one or more of the Parties' business or privacy interests.

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the

Federal Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that is designated as confidential and contains confidential business information and/or information which is personal or private. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to: attorneys actively working on this case; persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including the designated representatives for Defendants; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; deponents, witnesses, or potential witnesses; at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties.

6.	Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

7.	Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: (a) by imprinting the word "Confidential" on the first page or cover of any document produced; (b) by imprinting the word "Confidential" next to or above any response to a discovery request; and (c) with respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty days after receipt of the transcribed testimony.

8.	Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c) and/or D.C.COLO.LCivR. 7.2B.

9.	A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall indentify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, and the Parties have complied with D.C.COLO.LCivR. 7.1A., it shall be the obligation of the party designating the information as CONFIDENTIAL to

~~file~~ make an appropriate motion, *pursuant to MJ Mix's discovery procedures* within fourteen (14) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely ~~filed~~ made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to ~~file~~ make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion ~~filed~~ made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Use of CONFIDENTIAL INFORMATION in Court Proceedings: In the event CONFIDENTIAL INFORMATION is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. CONFIDENTIAL INFORMATION and pleadings or briefs quoting or discussing CONFIDENTIAL INFORMATION will not be accepted for filing "under seal," "with restricted access," or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to restrict access. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

*KLM*

ORDERED this 4th day of January, 2012.

BY THE COURT:

_____
United States ~~District~~ Judge
Magistrate

**AGREED AND APPROVED:**

s/ Charlotte N. Sweeney

Charlotte N. Sweeney
Sweeney & Bechtold, LLC
650 N. Cherry Street, Suite 610
Denver, CO 80246
Telephone: (303) 865-3773
Fax: (303) 865-3738
Email: cnsweeney@sweeneybechtold.com
*Attorney for Plaintiff*

s/ Kristi L. Blumhardt

Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney
    & Carpenter, LLP
5613 DTC Parkway, Suite 1100
P.O. Box 4467
Englewood, CO 80155-4467
Telephone:  (303) 293-8800
Fax: (303) 839-0036
E-mail: kblumhardt@mdmc-lawco.com
*Attorney for Defendant*